Shauck, J.
Whether an appeal to the circuit court might be taken in this action, does not at all depend upon the prayer of the mortgagors that their title might be quieted as against the mortgage upon which the plaintiff below counted in his petition. That result would have been fully accomplished by a dismissal of the petition upon a finding that the mortgage had not been delivered; or, that it had been obtained by fraud, or without consideration. Such dismissal would have can-celled the apparent lien of the mortgage, leaving no occasion for a formal decree quieting title.
It is indispensable, under the provisions of section 5226, Revised Statutes, that an action, to be the subject of an appeal to ■ the circuit court, must be one in which the right to demand a jury does not exist. It is provided in section 5130, that “issues of fact arising in actions for the recovery of money only, or specific real or personal property shall be tried by a jury,” unless such trial be waived or a reference ordered. It is provided in section 5021, that “in an action to foreclose a mortgage a mortgage given to secure the payment of money, or to enforce a specific lien for money, the plaintiff may also ask in his petition, a judgment for the money claimed to be due; and such proceedings shall be had, and judgment rendered thereon, as in a civil action for the recovery of money only.” Counsel for the defendant in error, insist that notwithstanding the fact disclosed by the journal entry, that “on motion of the plaintiff leave is granted to him to withdraw from the petition the prayer therein contained, for a personal judgment against the defendants, Selina A. Grapes and Frank M. Grapes, and which is done accordingly,” that portion of the original prayer *675 continues to be a part of the petition, making the case triable to a jury under the provisions of section 5021. This view of the subject is said to have been taken by the circuit court.
That issues are made by the pleadings, and that the action of the court is shown by the journal entries, are true as general propositions. Many exceptions, however, relating to matters occurring in the progress of trials are sanctioned by inveterate practice, and authorized by express provisions of the code. An offer, in open court to confess judgment, a consent to the reference of a cause, the dismissal of an action and notice of intention to appeal, though acts of a party, are evidenced by journal entry. So the withdrawal of one of several causes of action and the submission of the action upon the causes that remain, or the withdrawal of one of several defenses; or, the withdrawal of an answer or reply for the purpose of submission on demurrer to the petition or answer, are acts of the parties in open court, conclusively shown by entries upon the journal. The authority to withdraw a portion of the prayer, would seem to be embraced within the power to withdraw an entire cause of action.
Whether the cause is appealable is to be .determined from the nature of the issues when it was submitted in the court of common pleas. There being then no prayer for a personal judgment, it was an action for the foreclosure of a mortgage only; and in such action neither party is entitled to demand a jury.

Judgment reversed.